UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JW DOE**   **Plaintiff**<br><br>versus<br><br>**ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC., et. al.**<br><br>     **Defendants** | **CIVIL ACTION NO: 20-1321**<br><br>**SECTION: "H"(3)**<br><br>**JUDGE JANE TRICHE MILAZZO**<br><br>**MAGISTRATE JUDGE DANA M. DOUGLAS** |

## OPPOSITION TO MOTION AND INCORPORATED MEMORANDUM TO EXPEDITE CONSIDERATION ON MOTION TO INTERVENE AND MOTION TO CHALLENGE

NOW INTO COURT, through undersigned counsel, comes The Roman Catholic Church of the Archdiocese of New Orleans (the "**Archdiocese**"), who respectfully files this Opposition to the *Motion and Incorporated Memorandum to Expedite Consideration on Motion to Intervene and Motion to Challenge* [R. Doc. 94] (the "**Motion to Expedite**"), filed by the Associated Press ("**AP**") and Guardian News and Media ("**The Guardian**," and together with AP, the "**Media**").

As further explained below, expediting consideration of the Media's *Motion to Intervene to Address Access Issues* [R. Doc. 93] (the "**Motion to Intervene**") and the Media's *Motion to Challenge Sealing Orders/Confidentiality Designations* [R. Doc. 93-5] (the "**Motion to Challenge**") to June 15, 2023 would substantially prejudice the Archdiocese. Indeed, if the Motion to Expedite were granted, the Archdiocese would have insufficient time to adequately review, research, and respond to the Media's request to intervene. And if intervention were permitted, the Archdiocese likewise would be deprived of an opportunity to review, research, and file an appropriate response to the Media's new substantive challenge to the underlying sealing orders and confidentiality designations at issue in this matter. Accordingly, good cause does not exist to expedite consideration of the Motion to Intervene or the Motion to Challenge.

#101386633v3

## Relevant Procedural Background

On May 17, 2023, Plaintiff, J.W. Doe ("**Plaintiff**" or "**J.W. Doe**") filed his Second *Motion to Unseal the Deposition of Lawrence Hecker and Refer to Law Enforcement* [R. Doc. 79] (the "**Second Motion to Unseal**"), which he noticed for submission on June 7, 2023. On May 18, 2023, this Court set the Second Motion to Unseal for oral argument on June 15, 2023, at 9:30 a.m. [R. Doc. 83]. In accordance with the Court's local rules, the Archdiocese filed its Opposition to the Second Motion to Unseal on May 30, 2023. [R. Doc. 86].

On the afternoon of June 7, 2023—the submission date for the Second Motion to Unseal, the Media filed the Motion to Intervene, seeking "to intervene in this matter for the limited purpose of asserting the public's right of access to the sealed transcript of the deposition of Lawrence Hecker along with the exhibits attached thereto." [R. Doc. 93, p. 1]. The Media attached as an exhibit to the Motion to Intervene a copy of the Motion to Challenge—a separate, 21-paged motion replete with citations to authorities and largely new legal issues that the Archdiocese will need to address if intervention is permitted. [R. Doc. 93-5].

After noticing the Motion to Intervene for submission on this Court's next available submission date of July 5, 2023 [R. Doc. 93-4], the Media filed the Motion to Expedite, seeking to expedite consideration of the Motion to Intervene, ***as well as*** the Motion to Challenge, to June 15, 2023 so that the Media's motions may "be considered and heard simultaneously with Plaintiff's motion." [R. Doc. 94, p. 3].

## Law and Argument

In the absence of "good cause," a party must serve a written motion and notice of the hearing at least 14 days prior to the hearing. Fed. R. Civ. P. 6(c)(1)(C). The Media's request for

expedited consideration would substantially prejudice the Archdiocese and, therefore, is not supported by good cause.

Here, the Media seeks to expedite consideration of the Motion to Intervene and the Motion to Challenge to June 15, 2023 so that the motions may be considered together with Plaintiff's Second Motion to Unseal. [R. Doc. 94, p. 3]. If the Motion to Expedite were granted today, the Archdiocese would have insufficient time to prepare memoranda in response to both the Motion to Intervene and the Motion to Challenge and a mere four business days in advance of June 15, 2023 to prepare for oral argument on these largely new matters.

Specifically, the Archdiocese requires a reasonable amount of time to adequately review, research, and respond to the Media's request to intervene. And to the extent that intervention is permitted, the Archdiocese would require sufficient time to review, research, and respond to the Media's new substantive challenge to the underlying sealing orders and confidentiality designations at issue in this matter.

Although the Archdiocese recognizes that it may be appropriate to consider the Media's motions together with Plaintiff's Second Motion to Unseal, such an interest in efficiency does not justify depriving the Archdiocese of a meaningful opportunity to consider and respond to the Media's motions. Additionally, the Media's request for expedited consideration is not the only mechanism by which all three motions may be considered simultaneously. Indeed, rather than expediting consideration of the Motion to Intervene and the Motion to Challenge to June 15, 2023, this Court may maintain July 5, 2023 as the submission date for the Motion to Intervene and/or the Motion to Challenge and continue the oral argument on Plaintiff's Second Motion to Unseal to an

available date after July 5, 2023.[1] Neither the Media, nor Plaintiff, would be prejudiced if their motions were heard sometime after July 5, 2023. Thus, such an approach would advance the interests of efficiency and fairness to all parties without unduly delaying these proceedings.

## Conclusion

For the foregoing reasons, the Archdiocese respectfully requests that this Court deny the Media's Motion to Expedite.

Respectfully submitted,

*/s/ Allison B. Kingsmill*
WAYNE G. ZERINGUE, JR. (#18516)
JOSEPH J. LOWENTHAL, JR. (#08909)
JEFFERSON R. TILLERY (#17831)
EDWARD D. WEGMANN (#13315)
ALLISON B. KINGSMILL (#36532)
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
Telephone: 504-582-8682
Facsimile: 504-589-8682
Email: wzeringue@joneswalker.com
jlowenthal@joneswalker.com
jtillery@joneswalker.com
dwegmann@joneswalker.com
akingsmill@joneswalker.com

-AND-

---

[1] Counsel for the Archdiocese is not available July 7 to July 18 or July 27 due to prior commitments.

        RICHARD A. BORDELON (#14091)
        TODD R. GENNARDO (#32029)
        DYLAN K. KNOLL (# 35507)
        Denechaud and Denechaud, L.L.C.
        201 St. Charles Avenue, Suite 3920
        New Orleans, LA 70170
        Telephone: 504-522-4756
        Facsimile: 504-568-0783
        Email: rbordelon@denechaudlaw.com
           tgennardo@denechaudlaw.com
           dknoll@denechaudlaw.com

***Attorneys for Defendant, The Roman Catholic Church of the Archdiocese of New Orleans***