UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JW DOE**           **Plaintiff**<br><br>versus<br><br>**ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC., et. al.**<br><br>                              **Defendants** | **CIVIL ACTION NO: 20-1321**<br><br>**SECTION: "H"(3)**<br><br>**JUDGE JANE TRICHE MILAZZO**<br><br>**MAGISTRATE JUDGE<br>DANA M. DOUGLAS** |

**CONSOLIDATED SUR-REPLY IN RESPONSE
TO PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S SECOND MOTION TO UNSEAL, AND RESPONSE TO THE
ORLEANS PARISH DISTRICT ATTORNEY'S *AMICUS CURIAE* MEMORANDUM**

NOW INTO COURT, through undersigned counsel, comes The Roman Catholic Church of the Archdiocese of New Orleans (the "**Archdiocese**" or "**Debtor**"), who respectfully files this consolidated sur-reply in further response to the *Second Motion to Unseal the Deposition of Lawrence Hecker and Refer to Law Enforcement* [R. Doc. 79] (the "**Second Motion to Unseal**") filed by Plaintiff, J.W. Doe ("**Plaintiff**" or "**J.W. Doe**"), and in response to the arguments asserted in the Reply [R. Doc. 92] filed by Plaintiff, and response to the *Amicus Curiae Memorandum in Support of the Plaintiff's Second Motion to Unseal the Deposition of Lawrence Hecker and Refer to Law Enforcement* [R. Doc. 97] (the "**Amicus Memo**") filed by the District Attorney for the Parish of Orleans in the State of Louisiana (the "**District Attorney**").[1]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Archdiocese's *Opposition to Plaintiff's Second Motion to Unseal the Deposition of Lawrence Hecker and Refer to Law Enforcement* [R. Doc. 86].

#101393062v6

**I.** ███████████████████████████████████████
███████.

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████

████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

█████████████████████████████████████

███████████████████████████████████████████████

#101393062v6

3



#101393062v6

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████

II.   **Plaintiff's Reply Reflects a Continued, Blatant Disregard for the Automatic Stay.**

In his Reply, Plaintiff continues to ignore that the Second Motion to Unseal runs afoul of the automatic stay and the Bankruptcy Court's limited lift-stay order. Section 362(a)(1) of the Bankruptcy Code automatically stays "the commencement or continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Section 362(a)(3) of the Bankruptcy Code, in turn, operates to automatically stay "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). By moving to unseal deposition testimony concerning the Debtor's alleged potential liability, as well as documents of the Debtor produced by the Debtor in state court under the state court's protective order prior to the commencement of the Chapter 11 Case, Plaintiff is continuing a judicial proceeding against the Debtor and seeking to exercise control over property of the Debtor's estate in violation of the automatic stay. *See* 11 U.S.C. §§ 362(a)(1), (a)(3).

In its November 2, 2020 Order and Reasons, the Bankruptcy Court granted the Lift-Stay Motions, in part, permitting Plaintiff and another abuse survivor to "proceed with limited written discovery to and depositions of the Non-Debtor Defendant Priests **to the extent that the Debtor's interests in the State Court Actions are not impaired**." [R. Doc. 92-1, p. 15] (emphasis added). The Bankruptcy Court made clear that "the task of staging discovery in those cases in such a way that will permit the movants to depose the Non-Debtor Defendant Priests—**without impairing the interests of the Debtor—**rests with the District Court judges assigned to the State Court Actions." [*Id.*, p. 14] (emphasis added).

In fulfilling that duty, Magistrate Judge North denied Plaintiff's initial request to unseal the Hecker deposition and the Debtor's documents attached thereto. [R. Doc. 57]; *see also* Plaintiff's Sealed Exhibit 4 to Second Motion to Unseal, Sealed 1/27/21 Transcript. As for the documents, Magistrate Judge North explained that "unsealing the vast majority of those would violate the automatic stay and the limited lift-stay order issued by the Bankruptcy Court." [R. Doc. 57, p. 2]. In other words, Magistrate Judge North concluded that sealing the Hecker deposition and the Debtor's documents was, in fact, necessary so as not to impair the interests of the Debtor. Significantly, the Bankruptcy Court denied the Debtor's stay violation motion filed in response to Plaintiff's first motion to unseal *because Magistrate Judge North had sealed such materials*. See Exhibit A, 9/30/21 Order [Chapter 11 Case, ECF No. 1063].

Creditors, like Plaintiff, have a "responsibility to enforce the automatic stay." *See Wohleber v. Skurko (In re Wohleber)*, 596 B.R. 554, 572 (6th Cir. B.A.P. 2019). In *Wohleber v. Skurko (In re Wohleber)*, the Sixth Circuit Bankruptcy Appellate Panel held that a creditor violated the stay by allowing a state court judge to enter a contempt order against the debtor, and it remanded the matter for a determination of whether the creditor's counsel committed a similar

#101393062v6

violation. 596 B.R. at 575-77. The *Wohleber* court reasoned that it was the creditor's obligation to stop the state court from violating the automatic stay even when the state court judge held that she believed that the automatic stay did not apply. *Id.* at 575-76. The *Wohleber* court continued that while "courts have jurisdiction to determine whether their own proceedings are subject to the automatic stay . . . , litigants proceeding in this way 'proceed[] at [their] own risk.'" *Id.* at 576 (quoting *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 940 (6th Cir. 1986)). Here, rather than accepting the admonitions of Magistrate Judge North and the Bankruptcy Court, Plaintiff and his attorneys have chosen to double down and show contempt for federal court orders by filing the Second Motion to Unseal.[4]

Finally, actions taken in violation of the automatic stay are invalid. *See Bustamante v. Cueva (In re Cueva),* 371 F.3d 232, 236 (5th Cir. 2004); *see also Wohleber*, 596 B.R. at 576 ("When courts proceed in error, actions violating the stay are invalid. . . ."). Accordingly, if this Court were to enter an order unsealing the Hecker deposition and the Debtor's documents attached thereto, such an order would be invalid as a violation of the automatic stay.[5]

---

[4] Of course, this is not the first time that Plaintiff's counsel has demonstrated bad faith in connection with the Chapter 11 Case. Indeed, one of the co-counsel for Plaintiff in this case, Richard Trahant, was found to have violated the Bankruptcy Court's protective order on multiple occasions by providing confidential information to third parties and the media in direct violation of that protective order. [Bankruptcy Court, ECF Nos. 1574 & 1844]. On June 2, 2023, disgruntled by the Bankruptcy Court's imposition of sanctions against him, Richard Trahant sued the Debtor's bankruptcy counsel, lead bankruptcy attorney, and claims and noticing agent for serving the Bankruptcy Court's June 7, 2022 Order finding that he violated the protective order. *See Richard C. Trahant and Amy O. Trahant v. Mark A. Mintz, Jones Walker, LLP, and Donlin Recano & Company, Inc.*, No. 841-316 (24th Judicial District Court, State of Louisiana).

[5] Although this Court has jurisdiction to determine the applicability of the automatic stay to the Second Motion to Unseal, it need not exercise such jurisdiction because the above-captioned proceeding should be referred to the Bankruptcy Court.

As set forth in the Debtor's Notice of Removal [R. Doc. 1], all claims asserted in this proceeding are "related to" the Chapter 11 Case and, therefore, fall within federal subject matter jurisdiction under 28 U.S.C. § 1334(b). Where bankruptcy jurisdiction exists, proceedings may be referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a), although 28 U.S.C. § 157(b)(5) requires that personal injury tort

6

#101393062v6

## CONCLUSION

For these reasons and the reasons set forth in the Archdiocese's opposition to the Second Motion to Unseal, the Court should deny Plaintiff's Motion and maintain the Hecker deposition and Archdiocese documents as confidential.

Respectfully submitted,

/s/ Allison B. Kingsmill
WAYNE G. ZERINGUE, JR. (#18516)
JOSEPH J. LOWENTHAL, JR. (#08909)
JEFFERSON R. TILLERY (#17831)
EDWARD D. WEGMANN (#13315)
ALLISON B. KINGSMILL (#36532)
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
Telephone: 504-582-8682
Facsimile: 504-589-8682
Email: wzeringue@joneswalker.com
jlowenthal@joneswalker.com
jtillery@joneswalker.com
dwegmann@joneswalker.com
akingsmill@joneswalker.com

---

claims be tried by this Court. *Compare* 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.") *with* 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.").

In exercising its authority under § 157(a), this Court has issued Local Rule 83.4.1, titled "Reference to Bankruptcy Judge," which directs the automatic transfer of all proceedings related to a bankruptcy case "to the bankruptcy judges of this district." Specifically, Local Rule 83.4.1 provides:

> All cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are transferred by the district court to the bankruptcy judges of this district. As set forth in 28 U.S.C. 157(b)(5), personal injury tort and wrongful death claims must be tried in the district court.

LR 83.4.1. Therefore, this proceeding should be transferred to the Bankruptcy Court for all purposes other than trial of any personal injury tort claims that may be asserted therein.

#101393062v6

        RICHARD A. BORDELON (#14091)
        TODD R. GENNARDO (#32029)
        DYLAN K. KNOLL (# 35507)
        Denechaud and Denechaud, L.L.C.
        201 St. Charles Avenue, Suite 3920
        New Orleans, LA 70170
        Telephone:   504-522-4756
        Facsimile:    504-568-0783
        Email:        rbordelon@denechaudlaw.com
                          tgennardo@denechaudlaw.com
                          dknoll@denechaudlaw.com

***Attorneys for Defendant, The Roman Catholic Church of the Archdiocese of New Orleans***

#101393062v6