UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JW DOE | * | CIVIL ACTION |
| VERSUS | * | NO. 20-1321 |
| ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC., ET AL. | * | SECTION "H" (2) |

## ORDER AND REASONS

Pending before me is a Motion to Intervene to Address Access Issues filed by the Associated Press and Guardian News and Media.  ECF No. 93.  The motion is opposed by The Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese").  ECF No. 118. No party requested oral argument pursuant to Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the motion to intervene (ECF No. 93) is DENIED for the reasons stated herein.

## I.   BACKGROUND

Plaintiff JW Doe filed suit in state court alleging that he was sexually abused by Father Lawrence Hecker in 1968.  He asserted negligence claims against the Archdiocese for allowing the sexual abuse to happen.  ECF No. 1-1.  The case was automatically stayed after removal in light of the Archdiocese's bankruptcy filing.  ECF Nos. 1, 18.

By Order and Reasons dated November 2, 2020, United States Bankruptcy Judge Meredith Grabill held that the § 362(a) automatic stay did not extend to non-debtor defendant priests (i.e., Hecker) and declined to exercise her discretion to stay the state court actions pursuant to 11 U.S.C. § 105(a).  Judge Grabill further ordered that Plaintiff JW Doe could proceed with limited written discovery to and the depositions of non-debtor priests to the extent that the Archdiocese's interests

1

in those proceedings are not impaired.  ECF No. 18-2 at 5-19.  Plaintiff thereafter filed a Motion

to Reopen the Case for Limited Discovery, opposed by the Archdiocese.  ECF No. 19.  Chief

United States Magistrate Judge Michael B. North held a hearing on December 1, 2020, during

which he declined to limit the scope of the examination; he did, however, order that parties enter

into a protective order under which the depositions, or portions thereof, could be designated as

confidential.  ECF No. 25 at 3-5, 11-12.

Almost immediately after conducting the deposition, Plaintiff moved to unseal the

deposition and re-designate documents (i.e., documents previously produced and marked as

confidential pursuant to protective orders issued by the state and/or bankruptcy courts) as non-

confidential.  ECF No. 29.  During a lengthy hearing on January 27, 2021, Judge North denied

Plaintiff's motion, finding it premature given that, contrary to the court's prior order, the parties

had not executed a protective order in this case nor had they made confidential designations as to

deposition testimony.  ECF No. 57; *see also* ECF No. 58 (sealed transcript).  Based on his review

of the deposition transcript, Judge North found that Plaintiff's inquiry related to the claims against

Hecker were so intertwined with issues impacting the Archdiocese that they were insusceptible of

meaningful disentanglement, which he found required by Judge Grabill's limited lift-stay order.

ECF No. 57 at 1-2.  As to the documents attached to the deposition, Judge North found that

disclosure would violate the automatic stay and Judge Grabill's limited lift-stay order, particularly

given that the 1,500-plus documents marked confidential were attached *in globo* to the deposition

while the witness was only questioned about a small fraction of the documents.  *Id.*

On May 16, 2023, Plaintiff filed a Second Motion to Unseal Deposition and Exhibits,

which is currently pending before Judge Milazzo.  ECF No. 79. Several weeks after that filing,

movants AP and Guardian filed this motion to intervene so that they may participate in the

argument of that matter.  ECF No. 93.  Movants argue that their intervention would not violate the automatic stay because they seek to intervene for the limited purpose of asserting the public's right of access to the Hecker deposition and its exhibits.  ECF No. 93-1 at 5-6.  Movants argue they are entitled to intervene as of right under Rule 24(a) because their motion to intervene is timely, they have an interest in challenging orders that permit secrecy in court proceedings, and the existing parties do not adequately protect their interest.  *Id.* at 7-9.  Alternatively, movants argue the court should exercise its discretion to permit them to intervene under Rule 24(b)(1)(B) because members of the news media are allowed to assert the public's right of access to documents.  *Id*. at 9-10.

In Opposition, the Archdiocese argues that movants will not be prejudiced by denial of their motion because they seek the same relief as that sought by Plaintiff in the first and second motions to unseal.  ECF No. 118 at 6.  Further, movants' request is untimely because (1) it was not filed in 2021 when Judge North heard Plaintiff's first motion to unseal the deposition; (2) it was filed only one day before Judge Milazzo's hearing on Plaintiff's second motion to unseal, which has since been argued and taken under advisement; and (3) it is an improper, delinquent appeal of Judge North's denial of the first motion to unseal.  ECF No. 118 at 5-7.  The Archdiocese further argues that this second motion essentially seeks to vacate Judge North's order denying the motion to unseal without any legal basis for that request and without showing the extraordinary circumstances required to justify reopening Judge North's order.  *Id.* at 7-8.  Finally, the Archdiocese argues that movants' motion is invalid and violates the automatic stay because Judge Grabill granted only limited relief from the automatic stay to Plaintiff; movants have failed to obtain relief from the automatic stay.  *Id.* at 9-11.  The Archdiocese also indicate that movant has already obtained access to confidential documents.  *Id*. at 4 n.2.

In Reply, movants argue that their motion is not untimely as a result of their failure to seek intervention in 2021 because movants are asserting the public's right of access, which is different from plaintiff's own interests in unsealing the documents, and the interest has grown stronger since they learned that the Archdiocese's disclosure of Heckler's misconduct was limited. ECF No. 127 at 2-3 & n.1. Movants also argue that they are prejudiced by the denial because same would negatively impact "the public's interest in open court proceedings and access to the Hecker documents, documents which bear directly on alleged criminal conduct," whereas Plaintiff has asked for limited relief to enable him to provide the documents to law enforcement. *Id.* at 3-4. Movants argue that Judge North's denial of the first motion to unseal is not a final order as Judge North recognized when denying the motion "at this time" as premature. *Id.* at 4-5. Movants also argue that Judge North failed to establish good cause to support the sealing of the documents. *Id.* at 5-6. Finally, movants argue that their motion does not violate the automatic stay, and the bankruptcy code does not preclude members of the news media from asserting the public's interest in the Hecker documents. *Id.* at 6-7.

## II.    LAW AND ANALYSIS

### A.    The Parties Fail to Address the Differing Standards Applicable to Substantive, Court-Filed Documents Versus Discovery Documents

The parties ignore the differing legal standards governing protective orders versus sealing orders. Protective orders apply to discovery and require a finding of "good cause," whereas sealing orders involve blocking public access to court-filed documents under a stricter balancing test.[1]

A civil litigant gains information through the discovery process as a matter of legislative grace.[2] The First Amendment does not guarantee the press a constitutional right of special access

---

[1] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (quoting FED. R. CIV. P. 26(c)(1))).
[2] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984).

to information not available to the public generally.[3]

> [C]ontinued court control over the discovered information does not raise the same specter of government censorship that such control might suggest in other situations.
>
> Moreover, pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice. Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.
>
> . . . [A] protective order prevents a party from disseminating only that information obtained through use of the discovery process. Thus, the party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes. In sum, judicial limitations on a party's ability to disseminate information discovered in advance of trial implicates the First Amendment rights of the restricted party to a far lesser extent than would restraints on dissemination of information in a different context. . . .
>
> Rule 26(c) furthers a substantial governmental interest unrelated to the suppression of expression. [Civil Discovery Rules] enable parties to litigation to obtain information "relevant to the subject matter involved" that they believe will be helpful in the preparation and trial of the case. Rule 26, however, must be viewed in its entirety. Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes. Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c). It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties. The Rules do not distinguish between public and private information. Nor do they apply only to parties to the litigation, as relevant information in the hands of third parties may be subject to discovery.[4]

The prevention of the abuse that can attend coerced production of information in discovery is sufficient justification for the authorization of protective orders. Thus, when a Rule 26(c) protective order issued on good cause is limited to the context of pretrial civil discovery and does not restrict the dissemination of the information if gained from other sources, it does not offend

---

[3] *Pell v. Procunier*, 417 U.S. 817, 833–34 (1974); *see also Houchins v. KQED, Inc.*, 438 U.S. 1, 11-12 (1978).
[4] *Seattle Times Co.*, 467 U.S. at 32-36 (citations and footnotes omitted).

the First Amendment.[5]  Even a news agency has no First Amendment right of access to pretrial

information made available only for purposes of trying his suit.[6]

 In contrast, "[j]udicial records belong to the American people; they are public, not private,

documents", and "[t]he public's right of access to judicial records is a fundamental element of the

rule of law."[7]  Independent of the parties' interests, the public has an interest in transparent court

proceedings, which promote trustworthiness of the judicial process, curb judicial abuses, and

provide the public with a more complete understanding of the judicial system, including a better

perception of its fairness.[8]  Thus, "the working presumption is that judicial records should not be

sealed."[9]  Litigants do, however, sometimes have good reasons to file documents under seal.[10]

While there is a presumption of public access to judicial records, courts have recognized that this

access is not absolute.[11]  "In exercising its discretion to seal judicial records, the court must balance

the public's common law right of access against the parties' interests favoring nondisclosure."[12]

 Movants assert a right of access to the sealed deposition transcript along with the exhibits

attached thereto.  To date, the deposition and related exhibits have not been the subject of any

substantive motion, and these materials have not been placed into the court record or relied upon

---

[5] *Id.* at 37.

[6] *Rhinehart*, 467 U.S. at 32; *see also United States v. Brown*, 250 F.3d 907, 914 (5th Cir. 2001) (recognizing that, while news agencies are entitled to receive, investigate and report on all public proceedings involved in a trial, the right to gather news does not guarantee journalists access to sources of information not available to the public generally) (citations omitted).

[7] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022) (citations omitted).

[8] *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019) (quotation omitted).

[9] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (citation omitted).

[10] *Id.* at 419.

[11] *See, e.g.*, *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)); *North Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203-04 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information) (citations omitted); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in [that] particular information") (citations omitted); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).

[12] *Van Waeyenberghe*, 990 F.2d at 848 (citing *Nixon*, 435 U.S. at 599).

in connection with any substantive matter.  Rather, that discovery material has only been placed into the court record by Plaintiff as an attachment to the Motion to Unseal the Deposition and Re-Designate Documents as Non-Confidential.  ECF Nos. 29, 79.  Merely attaching discovery materials to a Motion to Unseal does not convert discovery material into public records as would occur when a document is introduced into evidence or used for some substantive purpose.

## B.  Intervention to Modify Protective Order or Unseal Documents

"The purpose of intervention is to admit, by leave of court, a person who is not an original party into a proceeding. The intervening party then becomes a 'party' for the purpose of protecting some right or interest alleged by the intervenor to be affected by the proceeding."[13]  "[T]he procedurally correct course" for a nonparty to seek modification of a protective order in an action is to obtain the status of intervenor through Rule 24.[14]  The Fifth Circuit has recognized that nonparties routinely access documents and records protected by a protective order or filed under seal in a civil case through permissive intervention under Rule 24(b)(2).[15]

### 1.  Intervention of Right

Movants bear the burden of establishing its right to intervene.[16]  To be entitled to intervene as of right under Rule 24(a)(2), movants must demonstrate that (1) they timely applied for intervention;[17] (2) they have an interest relating to the property or transaction that is the subject of

---

[13] *Deus v. Allstate Ins. Co.,* 15 F.3d 506, 525 (5th Cir. 1994) (citation omitted).

[14] *See In re Beef Indus. Antitrust Litig,* 589 F.2d 786, 787, 789 (5th Cir. 1979).

[15] *Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006) (citing *San Jose Mercury News, Inc.*, 187 F.3d 1096, 1100 (9th Cir. 1999); *EEOC v. Nat'l Child.'s Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998)); *see also Weiss v. Allstate Ins. Co*., No. 06-3774, 2007 WL 2377116, at *2 (E.D. La. Aug. 16, 2007) (recognizing that Rule 24 intervention is "the procedurally correct course" for nonparties to seek to challenge or modify protective orders) (citing *In re Beef Indus. Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979)).

[16] *See Wal- Mart Stores, Inc. v. Tex. Alc. Bev. Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016).

[17] In determining whether a motion to intervene as of right is timely, the court considers four factors: (1) how long the potential intervener knew or reasonably should have known of its stake in the case; (2) the prejudice, if any, the existing parties may suffer because from the delay; (3) the prejudice, if any, the potential intervener may suffer if denied intervention; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness. *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001) (citations omitted).

the case; (3) disposition of the case may practically impair or impede their ability to protect that interest; and (4) they are inadequately represented by the existing parties.[18]

Although the burden to establish inadequate representation may be minimal, when the movant has the same ultimate objective as an existing party, the movant must establish adversity of interest, collusion or nonfeasance on the part of the existing party.[19]   Adversity of interest requires that the movants' interests diverge from the existing party's interest in a manner germane to the case, not simply a difference of opinion regarding litigation strategy or tactics.[20]   "In the absence of any of these elements, intervention as of right must be denied."[21]

### 2.   Permissive Intervention

Permissive intervention is authorized upon timely motion when a federal statute provides for a conditional right to intervene or the intervenor has a claim or defense that shares with the main action a common question of law or fact and intervention will not unduly delay or prejudice the existing parties.   Rule 24(b).   In determining whether to grant permissive intervention, the court must first decide whether, as a matter of law, the applicant's "claim or defense and the main action have a question of law or fact in common."[22]   Courts liberally construe the "claim or defense" requirement of Rule 24(b), as the rule "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of litigation."[23]

---

[18] *Adam Joseph Res. v. CNA Metals Ltd*., 919 F.3d 856, 865 (5th Cir. 2019) (citing FED. R. CIV. P. 24(a); *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994)).
[19] *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (citation omitted).
[20] *Id.* (citations omitted).
[21] *Graham v. Evangeline Par. Sch. Bd.*, 132 F. App'x 507, 511 (5th Cir. 2005) (citing *United States v. Franklin Par. Sch. Bd.*, 47 F.3d 755, 758 (5th Cir. 1995)).
[22] *Newby*, 443 F.3d at 421 (quoting *Howse v. S/V "Can. Goose I",* 641 F.2d 317, 322 (5th Cir.1981) (internal citation omitted)); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977).
[23] *See In re Estelle*, 516 F.2d 480, 485 (5th Cir. 1975) (quoting *SEC v. United States Realty & Improvement Co.,* 310 U.S. 434, 459 (1940)).

Next, the court must exercise its discretion to determine whether intervention should be allowed.[24]   Courts are directed to consider such factors as whether the intervenors' interests are adequately represented by other parties, whether they will significantly contribute to full development of the underlying factual issues of the suit, the nature and extent of the intervenors' interests, the standing of the intervenors to raise relevant legal issues, and whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.[25]   Courts have broad discretion in allowing intervention.[26]

## C.  <u>Analysis</u>

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for specified reasons, including fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.   Rule 60(b) relief applies to a "final" judgment or order; hence "interlocutory orders and judgments are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief as justice requires."[27]   Discovery orders in civil litigation are interlocutory orders,[28]  not final decisions.[29]  Moreover, Judge North expressly denied the first

---

[24] See New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 470-71 (5th Cir.1984) (quoting 7C WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1913, at 376–77 (2d ed. 1986)) ("Permissive intervention 'is wholly discretionary with the [district] court ... even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.'"); Stallworth, 558 F.2d at 269 (citation omitted).

[25] See id. at 472; see also Mac Sales Inc., et al. v. E.I. Dupont de Nemours, No. 89-4571,1995 WL 581790, at *4 (E.D. La. Sept. 29, 1995).

[26] Mac Sales Inc., 1995 WL 581790, at *4; see also Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp., 332 F.3d 815, 822 (5th Cir. 2003) (stating orders denying permissive intervention are reviewed for clear abuse of discretion and will only be reversed in extraordinary circumstances); New Orleans Pub. Serv., Inc., 732 F.2d at 470-71 (stating permissive intervention is wholly within the discretion of the district court).

[27] Zimzores v. Veterans Admin., 778 F.2d 264, 266 (5th Cir. 1985) (citation and quotation omitted). See also Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (noting that Rule 60(b)(3) relief is distinct from a motion alleging fraud upon the court).

[28] See, e.g., In re Tullius, 500 F. App'x 286, 288-91, 2012 WL 6101863, at *2-*4 (5th Cir. 2012) (dismissing appeal of discovery orders as both were interlocutory hence not appealable as a final order under 28 U.S.C. § 158(d)(1)); Pride Centric Res., Inc. v. LaPorte, No. 19-10163, 2021 WL 2579798, at *4 (E.D. La. June 23, 2021) (citation omitted) ("Discovery orders are interlocutory rulings. . . ."); see also In re Naranjo, 768 F.3d 332, 342 (4th Cir. 2014) (citation omitted) (noting that discovery orders are inherently interlocutory).

[29] Piratello v. Philips Elecs. N. Am. Corp., 360 F.3d 506, 509 (5th Cir. 2004) (citations omitted).

motion "at this time" and based on prematurity because the parties had not entered into a protective order and designated specific portions of the deposition as confidential, as he had instructed.  ECF No. 57; *see also* ECF No. 58 at 25-26.  To the extent that the Archdiocese contends that the filing of this motion violates the automatic stay, Judge Grabill is the appropriate person to address whether this filing violates her limited lift stay order.

With regard to the intervention, movants cites the public's right of access in seeking to intervene solely to obtain access to documents in their news gathering capacity.  ECF No. 127 at 1.   As the Supreme Court explained, pretrial discovery materials (e.g., depositions and interrogatories) are not public components of a civil trial, were not open to the public at common law, and, in general, are conducted in private as a matter of modern practice.[30]  Thus, movants have no greater rights to pretrial discovery materials than the general public.  In this case, the protective order does not prohibit disclosure of the information at issue if legitimately obtained through some other source.  ECF No. 56.  Rather, it only prevents disclosure of information obtained through the regulated pretrial discovery process.

Contrary to movants' assertion, Plaintiff does not seek to modify the protective order only to make a criminal referral.  (ECF No. 127 at 4).  Instead, Plaintiff's motion explicitly seeks to unseal the deposition and exhibits *and* authorize criminal referral to the appropriate local, state, and federal authorities.  ECF No. 79 at 1.  Further, this is not a situation where the existing parties have jointly filed documents under seal, and a proposed intervenor seeks to unseal documents contrary to the wishes of all existing parties, as in *Ford*[31] and *Hood*.[32]  Indeed, Plaintiffs have already twice sought to modify the protective order to remove the deposition and related exhibits from the protections of the

---

[30] *Rhinehart*, 467 U.S. (1984)
[31] *Ford v. City of Huntsville*, 242 F.3d 235 (5th Cir. 2001) (newspaper sought access to settlement documents filed under seal by joint motion of existing parties).
[32] *State Farm Fire & Cas. Co. v. Hood*, 266 F.R.D. 135, 143 (S.D. Miss. 2010) (newspaper allowed to intervene to unseal confidential settlement agreement filed under seal at request of all parties).

governing protective orders.  While movants' desire to obtain the information for additional or somewhat different reasons (i.e., publication versus personal use), there can be no dispute that Plaintiff and movants seek the same relief:  removal of the confidential designations over the deposition and related exhibits.

Movants have failed to establish that they are inadequately represented by the existing parties, and they do not address adversity of interest, collusion or nonfeasance on Plaintiff's part. Thus, movants cannot establish that they are entitled to intervene as of right to obtain access to the discovery deposition and confidential exhibits attached thereto.  For the same reasons, the exercise of the court's discretion likewise requires denial of the request for permissive intervention.

## III.   <u>CONCLUSION</u>

Plaintiff has twice sought to remove the confidentiality designations over the Hecker deposition and related exhibits, with the second motion currently under submission by Judge Milazzo. Movants seek the same relief: removal of the protective order protections over the deposition and exhibits.  Because movants have not established inadequate representation by the existing parties, intervention is improper.

Accordingly, for the foregoing reasons,

IT IS ORDERED that's Motion for Intervention (ECF No. 93) is DENIED.

New Orleans, Louisiana, this ____10th____ day of July, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE